**In re Application of John DOE, Esq., Petitioner,**

**For an Order Pursuant to Fed.R.Crim.P. 17 Quashing Subpoenas Issued by the United States of America, Respondent.**

**No. 84 CV 4718.**

United States District Court, E.D. New York.

March 5, 1985.

John Gutman, Brooklyn, N.Y., for petitioner.

Raymond J. Dearie, U.S. Atty., E.D.N.Y., Brooklyn, N.Y., for respondent; Patricia A. Pileggi, Brooklyn, N.Y., of counsel.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

This is a motion pursuant to Fed.R. Crim.P. 17 to quash three subpoenas served on petitioner, an attorney representing individuals Richard Roe and John Smith, and XYZ Realty, Inc. For the reasons developed below, the motion is denied.

## Facts

A grand jury is investigating possible violations of the Internal Revenue Code by Roe and Smith. Petitioner represented Roe in 1978 when Roe purchased property in Rockland County, New York. He represented Smith in 1980 when Smith purchased property in New Jersey. Petitioner also represented XYZ Realty, Inc. in 1983 when that company purchased property in Bronx County, New York.

Petitioner challenges three subpoenas. The first, returnable February 28, 1984, directs petitioner to produce all business records of XYZ Realty, Inc. from 1978 through 1982, including corporate minutes, financial statements, records of loans, banking records and corporate ledgers. The second, returnable September 25, 1984, directs petitioner to testify and to produce records relating to the purchase and sale of the Rockland, New Jersey and Bronx properties, as well as records of his fee arrangements with his clients. The third subpoena, returnable November 27, 1984, directs petitioner to testify before the grand jury regarding his knowledge of the business affairs of XYZ Realty, Inc.

## Discussion

Petitioner makes two arguments. First, he claims a privilege not to comply with the subpoenas based on his clients' Fifth Amendment privileges against self-incrimination. Second, petitioner claims the records and testimony sought are protected by the attorney-client privilege.

### 1. *The February 28, 1984 Subpoena*

 The first subpoena directs petitioner to produce "any and all documentation or records in your possession or subject to your control in regard to [XYZ] Realty." Because this subpoena commands only production of corporate records, it is beyond cavil that neither petitioner nor his clients have a Fifth Amendment privilege with respect to these records. *Bellis v. United States*, 417 U.S. 85, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974); *United States v. White*, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed.

1542 (1944). If any privilege exists with respect to this subpoena, it must be based on the attorney-client privilege.

 Because this is a federal grand jury proceeding, the federal common-law rule of attorney-client privilege applies. Fed.R.Evid. 501; *In re Katz*, 623 F.2d 122, 124 n. 1 (2d Cir.1980). The privilege attaches when: 1) the client seeks legal advice from a professional legal advisor acting in that capacity; 2) communications relating to that purpose are made in confidence by the client; 3) at the client's instance the communications are permanently protected from disclosure by himself or by the legal advisor; and 4) the privilege has not been waived. *In re Grand Jury Subpoena Duces Tecum*, 731 F.2d 1032, 1036 (2d Cir.1984). "The privilege is triggered only by a client's request for legal, as contrasted with business, advice." *Id.* at 1037 (citing *In re John Doe Corp.*, 675 F.2d 482, 488 (2d Cir.1982).

 The burden of establishing the privilege is on petitioner. *In re Katz, supra*, 623 F.2d at 125. Petitioner's original set of papers entirely failed to meet this burden. After oral argument petitioner was given several weeks to submit a more detailed affidavit and to deliver for *in camera* inspection the documents that would be responsive to this subpoena. The affidavit subsequently filed does not meet this burden. The documents submitted are banking records, responsive to the subpoena only in part, and, because they are solely business papers, are clearly not privileged. Accordingly, the motion to quash this subpoena is denied.

### 2. *The September 25, 1984 Subpoena*

 The second subpoena directs petitioner to testify and to bring with him "[a]ny and all documentation pertaining to the following transactions as attorney representing [XYZ Realty, John Smith and Richard Roe] including but not limited to" (1) cancelled checks received in 1983 for sale of the Bronx property by XYZ Realty; (2) all details of the purchase of the Bronx

property by XYZ Realty; (3) amounts and dates of fees received from Smith and Roe for the closing of the New Jersey and Rockland properties; and (4) the amounts and dates of fees received from Smith and Roe for any other services rendered.

With respect to the first two categories of documents demanded, clearly XYZ Realty, Inc. has no Fifth Amendment privilege to assert. *Bellis v. United States, supra; United States v. White, supra.* As to the third and fourth categories of documents, petitioner has not, despite the two opportunities afforded him, made even a colorable showing that refusal to comply with this portion of the subpoena is privileged under the Fifth Amendment.

Petitioner has also failed to establish that the subpoenaed documents are protected by the attorney-client privilege. Petitioner's two affidavits contain only conclusory assertions. Despite the Court's suggestion, petitioner did not submit, for *in camera* inspection, documents that would be responsive to the subpoena.

On its face, the subpoena demands documents that are not protected by the attorney-client privilege. The first two categories are unprivileged because they relate to business, not legal, advice. *In re Grand Jury Subpoena Duces Tecum, supra,* 731 F.2d at 1036. The third and fourth categories relate to petitioner's fee arrangements with his clients. An attorney and his client may not claim a privilege to refuse to disclose a fee arrangement to the grand jury, absent exceptional circumstances. *In re Grand Jury Subpoena Duces Tecum Served Upon Gerald L. Shargel, Esq.,* 742 F.2d 61, 64–65 (2d Cir.1984). Petitioner has made no showing that exceptional circumstances exist in this case.

Accordingly, the motion to quash the September 25, 1984 subpoena is denied insofar as the subpoena commands the production of documents. To the extent the subpoena requires petitioner to testify, any ruling must await the asking of specific questions by the prosecutor.

### 3. *The November 27, 1984 Subpoena*

The third subpoena directs petitioner to testify before the grand jury. In response to petitioner's motion to quash, the government provided petitioner with a list of the questions he will be asked.[1] Petitioner invokes the attorney-client privilege.

Once again, petitioner has failed to make the required showing to sustain the claim of privilege. At oral argument, the Court informed petitioner that the enumerated questions appeared to seek answers concerning only business advice which, though perhaps intended to be private, most certainly were not privileged. Petitioner's post-argument affidavit does not satisfy his burden of showing the applicability of the

---

1. The questions to be asked are as follows.
 1. Who were the officers of XYZ Realty, Inc.;
 2. What were their addresses;
 3. Who was employed by XYZ during the period 1977 through 1982;
 4. Do you have in your possession:
 a) copies of Forms W–2, checks, Forms 1099 provided to these employees;
 b) employment applications of those employees;
 5. What was the purpose of XYZ Realty;
 6. Who funded XYZ;
 a) How much cash was put into the corporation;
 b) Who funded the corporation;
 7. Did the officers of XYZ receive salaries;
 a) How much;
 b) During what period of time;
 8. What assets did XYZ buy during the period 1977 through 1982;
 a) What buildings did XYZ purchase during this period;
 b) How much did XYZ pay for any such assets;
 c) Where the purchases of any assets financed;
 d) If so, by whom;
 e) Who did XYZ buy the buildings from;
 f) Do you have any closing statements for such assets;
 9. Did XYZ sell any property during the period 1977–1982;
 a) To whom;
 b) What was the selling price;
 10. Did XYZ lend money during the period 1977–1982;
 a) Please provide details of any such loans;
 11. Who asked to have this corporation set up;
 12. Names of accountants for XYZ Realty.

privilege. *In re Katz, supra,* 623 F.2d at 125.

The government also intends to ask petitioner whether he possesses documents relating to the will and the estate of Mr. Roe's mother. The government is clearly entitled to ask about the fact of possession; whether petitioner may properly refuse to answer other questions on this subject need not be addressed until the questions are asked.

For the foregoing reasons, petitioner's motion to quash the three grand jury subpoenas is denied.

SO ORDERED